## MARY EATON *versus* DANIEL ELLIOT.

The District Courts, by the Revised Statutes, have power, after verdict
and before judgment, on motion and without any additional evidence, to
set aside the verdict of a jury in a bastardy process, because in the opinion
of the Court against evidence, and grant a new trial.

ON the following exceptions from the Western District
Court, GOODENOW J. presiding, this case came on for hearing.

This was a complaint under the Bastardy Act, and was tried
upon the general issue at the last June Term of this Court.
The usual evidence preliminary to the admission of the com-
plainant, as a witness, was offered, and the Court thereupon
permitted her to be sworn and axamined as a witness. The

defendant introduced and examined several witnesses in defence.   Upon the whole evidence the jury returned a verdict for the complainant.   And the defendant thereupon duly filed a motion to set aside the verdict as against evidence ; of which motion the counsel for the complainant took due notice.   The consideration of this motion was continued from term to term until this term.   And now the complainant, among other objections to setting aside the verdict, objects that this Court has not power by law to set aside a verdict by summary motion in cases of this description, it being a process or proceeding not according to the course of the common law, but exclusively by virtue of statute provisions, and that in this case the Court have no power at common law or by virtue of any statute provision to set aside the verdict and grant a new trial, and that the proper and only remedy for the defendant, if aggrieved, was by application to this court, or to the Supreme Judicial Court, for a review pursuant to the statute in such case made and provided.   But the Court overruled the complainant's objections and positions, sustained the defendant's motion, set aside the verdict, and granted a new trial, upon a review of the whole evidence submitted to the jury, without any additional evidence.   To the aforesaid rulings, opinion and directions of the Judge, the complainant excepts, &c.

*Codman & Mitchell*, for the complainant, argued in support of the grounds taken in the District Court, as stated in the exceptions ; and cited *Gowen, ex parte*, 4 Greenl. 58.

They also contended, that even if the other objections could not prevail, that the District Court has no power to set aside a verdict, in a case like this, merely because the Judge differed from the jury, as to the effect of the evidence, on a mere motion, and without any additional evidence.

*Deblois* and *Barrows*, for the respondent, said the Court had power to set aside verdicts in all cases where justice had not been done.   Rev. Stat. c. 97, § 23.   This process comes within the general provision of all actions.   2 Conn. R. 357 ; 11 N. H. Rep. 158 ; 1 Greenl. 304 ; 2 Greenl. 172 ; 13 Pick.

284 ; 12 Maine R. 29 ; 18 Maine R. 274 ; 2 Dane, 517 ; 3 Metc. 210.

There can be no further evidence allowed, when the verdict is set aside as against evidence.

The opinion of the Court was drawn up by

TENNEY J. — It is denied by the complainant's counsel, that the District Court have authority, after verdict and before judgment, to grant a new trial by virtue of Rev. Stat. c. 97, § 23, which is relied upon by the other side. The language is, " The District Court, before rendering judgment, shall have power to grant a new trial of any action and for any cause for which by the common law a new trial may be granted, or when in the opinion of the Court, justice has not been done between the parties." Did the Legislature intend to embrace within that provision the process for the maintenance of bastard children ? If the power does thus extend, the complaint must be included in the term " action." Noah Webster defines the meaning of the word when used in a legal sense, thus : " In law, literally, urging for right ; a suit or process, by which a demand is made of a right ; a claim made before a tribunal." " Action is the form of a suit given by law, for recovery of that, which is one's due ; or it is the legal demand of one's right." Co. Lit. 285. Bracton defines it, " *Actio nihil aliud est quam jus prosequendi in judicio quod alium debetur.*

The process is criminal in its form, but it is well settled, that in substance it is a civil remedy having all the incidents of civil processes. It is made upon the complaint only of the one to be benefited ; the bond required of the accused is to be given to her ; she may settle the claim in any manner she may deem proper, if sole, unless for the protection of towns the selectmen thereof interfere. If she be a married woman, her husband must be joined with her in the proceedings, as in civil actions, and he can exercise the same control over them, and is subject to the same liabilities ; issue upon a written plea is necessary before questions of fact intended to

be raised can be put to the jury. Without any express provision of the statute, depositions are admissible in evidence; and costs are allowed to the prevailing party. In the decisions upon various points raised in proceedings of this kind, they have been called and treated as actions. *Foster* v. *Bealy*, 1 Greenl. 304; *Mariner* v. *Dyer*, 2 *ib.* 165; *Wilbur* v. *Crane*, 13 Pick. 284. The Rev. Sta'. clearly show that this process was intended to be comprehended in the term "actions." In c. 123, § 1, giving power to the Supreme Judicial Court to grant reviews, the words "civil actions," are made to include prosecutions for the maintenance of bastard children; and the next section confers concurrent power upon any Judge of the District Court to grant reviews of "actions" of the kind and in the circumstances mentioned in the preceding section, &c.

But the exceptions are attempted to be sustained principally on the ground, that the proceedings are not according to the course of the common law, and therefore the power to grant a new trial does not exist; and the case of *ex parte Gowen*, 4 Greenl. 58, is relied upon as a decision upon this point, and also as having been adopted by the Legislature in the Rev. Stat. by the use of language in the section before quoted, which it is contended is substantially similar to that in the act of 1822, establishing the Court of Common Pleas, § 8. That was a petition for a mandamus to the Court of Common Pleas, for refusing to grant a new trial after verdict and judgment in a bastardy case, and the prayer was denied. But no decision upon the point like the one here presented was made, though it was discussed by C. J. Mellen, who held that the power was not given to the Court of Common Pleas. It is the opinion of an enlightened and distinguished Judge, under the law as it then was, and is entitled to great respect; and we do not intend to say that his views were erroneous. He says, "the statute of this State and that of Massachusetts, giving power to the Supreme Judicial Court to grant reviews in civil actions never embraced prosecutions for the maintenance of bastard children, and constant usage and constructions confirm this. The 8th section of the act establishing the Court of

Common Pleas does not in its terms embrace such a case; and I consider that section as only giving to that court in certain cases a concurrent power with this Court to grant a new trial after judgment, a power which prior to that time was vested exclusively in this Court; but I consider that no greater or broader power is given to that Court, than this possesses; and that of course it does not extend to the case of a prosecution of this kind, which is not a proceeding according to the course of the common law." At the time of the consideration of the case referred to, the law was different from that under the Revised Statute upon this subject; and the reasons, given as above for the refusal of the rule, favor the the existence of the power exercised by the District Court, under the present statutes. By c. 123, § 1, this Court can grant reviews in their discretion in prosecutions for the maintenance of bastard children; and by § 2, any Judge of the District Court has concurrent power where judgment was rendered in that court, or by a justice of the peace, or by a municipal or police court. This shows a design in the Legislature to extend to the parties in a bastardy process, the same rights which are enjoyed by parties to actions at common law. And as the Revised Statutes all took effect at the same time, one part is not to yield to another, but operation is to be given to the whole. By a fair construction of the language of the 23d section of chapter 97, this process will be embraced. Before judgment, the Judge of the District Court can grant a new trial *in any action*, and for any cause for which by common law a new trial may be granted. The power *is* not confined to common law actions, but the *causes* which would authorize a new trial in actions at common law may be applied to " any action." The succeeding clause confirms this view. The subject matter in the second clause is still " any action," and the power may be exercised, when, in the opinion of the Court, justice has not been done between the parties. It is very clear that the District Judge can grant a review of such process, after judgment. It cannot be supposed to have been the intention of the statute to require that the Court should be

restricted in the exercise of its discretion after verdict, and before judgment, when the parties were before the Court, and the facts which had been adduced at the trial well known and understood, which facts after the delay and expense of entering up judgment, giving notice on a petition for a review, and recalling and examining the witnesses, would authorize it to grant a review, when the review after is to effect the same purpose as the new trial before the judgment.

The construction contended for by the complainant's counsel cannot be considered as adopted by the Legislature, in the Revised Statutes. The point was not decided, and the new statute was manifestly intended to be different in this respect from the old. In the Revised Statutes, the power of the District Court to grant the new trial, by chapter 97, § 23, is to be exercised before rendering judgment. In the statute of 1822, it is limited to a term of one year from the rendition of judgment; notice is required in the statute last referred to, whereas under the other, it is not necessary and is not provided for. By sustaining the motion made by the respondent in this case, the District Court did no violence to the language of the statute, and by granting the new trial, secured the object contemplated, in the most ready and direct manner.

*Exceptions overruled.*